UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL RAUL CANETE GARCIA,

Petitioner,

v. Case No. 3:26-cv-1641-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY and
U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

**I. Status**

Petitioner Miguel Raul Canete Garcia, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on June 24, 2026. Garcia, a citizen of Cuba, was paroled into the United States on March 15, 2025. Doc. 8-1 at 2. On December 2, 2025, an immigration judge ordered Garcia removed to Cuba in absentia; Garcia did not pursue an appeal. Id. at 3. On December 3, 2025, United States Immigration and Customs Enforcement (ICE) encountered Garcia in the Duval County Jail after local law enforcement arrested him for Petit Theft. Id. at 2. And on December 6, 2025, ICE took Garcia into custody. Doc. 8-3 at 1.

The Federal Respondent filed a Response to Petition for Writ of Habeas Corpus (Doc. 8). Garcia filed a Reply (Doc. 9). This case is ripe for review.

## II. Analysis

In his Petition, Garcia argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. Doc. 1 at 6. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

In this case, there is no dispute that when Garcia filed this case, he had been in ICE custody for over six months following his order of removal. See Doc. 8 at 5 (stating that Garcia "had been detained for 200 days when he filed the Petition"). Nevertheless, the Federal Respondent contends that the six-month period is tolled because Garcia refused to comply with ICE's attempts to remove him to Mexico. Id. In support of this contention, the Federal Respondent points to Garcia's refusal to sign a notice of removal to Mexico on December 13, 2025. Id.; see also Doc. 8-6 at 1.

Section 1231(a)(1)(C) explicitly provides for an extension of the removal period "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). When addressing a Zadvydas claim, courts have applied § 1231(a)(1)(C) differently:

> Many courts conduct an analysis using the burden-shifting framework from Zadvydas, considering an alien's failure to cooperate in determining whether the alien can show "good cause" to believe that there is no

> significant likelihood of removal in the reasonably foreseeable future. Other courts contend that an alien's failure to cooperate precludes an analysis under Zadvydas altogether. Finally, some courts find an alien's failure to cooperate or filing of litigation equitably tolls, possibly indefinitely, the six-month removal period. In fact, a couple of courts covered both bases finding obstruction tolled the removal period, and in the alternative, the alien did not meet the Zadvydas standard.

Glushchenko v. U.S. Dep't of Homeland Sec., 566 F. Supp. 3d 693, 705–06 (W.D. Tex. 2021) (footnotes omitted). The Eleventh Circuit Court of Appeals has recognized that the six-month period may be tolled if the alien "'acts to prevent [his] removal'" by filing litigation "challeng[ing] issues related to his removal order and his post-removal period detention." Akinwale, 287 F.3d at 1052 n.4 (quoting 8 U.S.C. § 1231(a)(1)(C)). More recently, the Eleventh Circuit noted that "if the removal period was extended by operation of § 1231(a)(1)(C), then ICE can continue to detain [the petitioner] because 'the keys to [the petitioner's] freedom [are] in his pocket and [he] could likely effectuate his removal by providing the information requested,' so he 'cannot convincingly argue that there is no significant likelihood of removal.'" Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (11th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)); see Vaz v. Skinner,

634 F. App'x 778, 782 (11th Cir. 2015)[2] ("Because Petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future if he cooperates with DHS and voluntarily signs for the travel document."); Oladokun v. U.S. Att'y Gen., 479 F. App'x 895, 897 (11th Cir. 2012) ("Oladokun fails to 'provide[ ] good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future,'" because his "non-cooperation is the only barrier to his removal." (quoting Zadvydas, 533 U.S. at 701).

Here, the Federal Respondent has not shown that Garcia's failure to sign the notice was akin to a "refus[al] to make timely application in good faith for travel or other documents necessary" for his removal or that his failure to sign otherwise prevented his removal. 8 U.S.C. § 1231(a)(1)(C). The document that Garcia refused to sign is a notice to Garcia, not an application for travel documents or a form that would otherwise appear to assist in his removal. And the Federal Respondent does not explain how Garcia's failure to sign the form impeded ICE's ability to remove him. Indeed, the Court is skeptical as to the

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

necessity of the document to facilitate Garcia's removal considering Garcia signed an identical notice of removal on March 5, 2026, Doc. 8-4 at 1, yet, as of the date of this Order, ICE still has failed to remove Garcia. Without more, the Court cannot find that Garcia's refusal to sign the notice warrants tolling of the six-month period as urged by the Federal Respondent. As such, the Court finds Garcia's six-month period expired prior to the filing of this case.

In light of this finding, the Court must consider whether Garcia has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052. In the Petition, Garcia asserts he has been detained beyond the six-month period and ICE has not obtained travel documents, scheduled a removal flight, or provided him with a date certain for removal. Doc. 1-1 at 2–3. Given the record, the Court finds that Garcia has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

The burden now shifts to the Federal Respondent to "respond with evidence sufficient to rebut [Garcia's] showing." Akinwale, 287 F.3d at 1052. But the Federal Respondent fails to do so. Counsel for the Federal Respondent explains that although the "official position" of the Department of Homeland Security is that there is a significant likelihood of removal in the reasonably foreseeable future, counsel "has not received any documentation supporting

this argument in response to [his] request for specific evidence." Doc. 8 at 5. And the Court's independent review of the documents attached to the Response do not reveal evidence of a significant likelihood of removal in the reasonably foreseeable future. Therefore, Garcia is entitled to release from detention under Zadvydas.

Accordingly, it is **ORDERED**:

1. Garcia's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Respondents shall release Garcia **within 24 hours** of this Order. At least **five (5) hours** before releasing Garcia, Respondents shall provide Garcia with access to a telephone to arrange transportation from the detention facility. Garcia shall be subject to his preexisting OSUP.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/20
c:
Miguel Raul Canete Garcia, #A212378143
Counsel of record